Appeal from a decision of the Unemployment Insurance Ap *1074 peal Board, filed May 29, 2012, which, among other things, reduced claimant’s benefit rate pursuant to Labor Law § 600 (7).
Claimant, a driver for a retail supermarket chain for over 30 years, was laid off in March 2010 and, thereafter, sought unemployment insurance benefits. Notably, when he applied for benefits, claimant duly informed the Department of Labor concerning his anticipated receipt of pension benefits, which he began to receive in June 2010 in the monthly amount of $2,941,66. Thereafter, claimant was given notice that, due to his fully employer-funded pension, his unemployment insurance benefits were reduced, pursuant to Labor Law § 600 (7), from $405 to zero per week, effective May 31, 2010, and he was charged with a recoverable overpayment of regular and federal additional compensation benefits in the total amount of $2,150. Following various proceedings, the Unemployment Insurance Appeal Board ultimately ruled that claimant’s benefits were properly reduced based upon his pension income and, further, that the funds he received following the effective date of the reduction in his benefit rate were recoverable. This appeal ensued.
We affirm. “Substantial evidence supports the finding that claimant’s former employer! ] fully funded his pension, ‘thereby triggering the statutory reduction in benefit payments’ ” (Matter of Babcock [Commissioner of Labor], 106 AD3d 1316, 1316 [2013], quoting Matter of Johnson [Commissioner of Labor], 256 AD2d 804, 805 [1998], lv denied 93 NY2d 803 [1999]; see Matter of Sanchez [Commissioner of Labor], 56 AD3d 846, 847 [2008]). Moreover, while it is undisputed that claimant properly disclosed his pension eligibility, he was, nevertheless, not entitled to receive benefits during the applicable period* and, therefore, was subject to being charged with a recoverable overpayment despite the absence of fault on his part (see Matter of Sanchez [Commissioner of Labor], 56 AD3d at 847).
Stein, J.E, McCarthy, Garry and Egan Jr., JJ, concur. Ordered that the decision is affirmed, without costs.

 The Board’s decision mistakenly cites May 13, 2010 as the effective date for the reduction of claimant’s benefits. The correct effective date is May 31, 2010.